UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILFREDO MUNIZ,<br>Plaintiff, | : : : | CASE NO. 3:20-cv-1533 (MPS) |
| v. | : : : | |
| ROLLIN COOK, et al.,<br>Defendants. | : : : : | OCTOBER 21, 2020 |

## ORDER

Plaintiff Wilfredo Muniz, incarcerated at Garner Correctional Institution in Newtown Connecticut, filed this case under 42 U.S.C. § 1983.  The plaintiff names fifteen defendants: Rollin Cook, Angel Quiros, Cheryl Cepelak, William Mulligan, Nick Rodriguez, David Maiga, Zelynette Caron, Ibes, Ouellette, Canales, Grimaldi, Leone, Laprey, Cieboter, and E. Tugie.  The plaintiff contends that the defendants denied him due process.  He seeks damages and injunctive relief.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee.  *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)).  Here, the plaintiff is proceeding *in forma pauperis.*

The plaintiff asserts one claim, that the was denied a fair hearing on a disciplinary charge of impeding order. He alleges that he was accused of trying to organize a work stoppage by several "sources of information." As a result of the guilty finding, the plaintiff was sanctioned, *inter alia*, with the loss of 60 days of Risk Reduction Earned Credit and at a subsequent hearing classified to Administrative Segregation. *See* Compl., ECF No. 1, ¶¶ 32, 47, 49.

Because the plaintiff was subjected to "mixed sanctions," *i.e.*, sanctions affecting both the duration and conditions of his confinement, his due process claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for money damages is not cognizable under 42 U.S.C. § 1983 if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal …, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87 (citation omitted). The Supreme Court later extended the favorable termination rule to Section 1983 challenges to disciplinary findings or procedures used at disciplinary hearings where the prisoner lost good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

The Second Circuit has concluded that *Heck*'s "favorable termination" rule is intended to "prevent prisoners from using § 1983 to vitiate collaterally a judicial or administrative decision that affected the overall length of their confinement," but acknowledged that the rule is not an absolute bar to consideration of the due process claims arising from a disciplinary proceeding at which the plaintiff was subject to "mixed sanctions." *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006). The Second Circuit held that "a prisoner subject to such mixed sanctions can proceed

separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but ... can only do so if he is willing to forego once and for all any challenge to any sanctions that affect the duration of his confinement.*" *Id.*

If the plaintiff intends to pursue this action, he must file a notice stating that he **waives for all time all claims challenging the disciplinary sanctions affecting the duration of his confinement**. Failure to timely submit the notice within **twenty (20) days** from the date of this order, utilizing the Prisoner Efiling Program, will be deemed to constitute a refusal to waive these claims and result in the dismissal of this case.

**SO ORDERED** this   21ˢᵗ day of October 2020 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge