# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| WILFREDO MUNIZ,<br>Plaintiff,<br><br>v.<br><br>ROLLING COOK, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 3:20-cv-1533 (MPS)<br><br><br><br>DECEMBER 1, 2021 |

---

## ORDER

Plaintiff Wilfredo Muniz filed this case under 42 U.S.C. § 1983 asserting claims for denial of his right to due process at two hearings. Following initial review, the case was permitted to proceed against four defendants, William Mulligan, E. Tugie, Zelynette Caron, and David Maiga. *See* ECF No. 10. The defendants filed a motion to dismiss the claims against defendants Caron and Maiga, which the court granted. *See* ECF Nos. 17, 24. The plaintiff now seeks leave to file an amended complaint reasserting the claims against Nick Rodriguez, David Maiga, Officer Leone, and Lieutenant Grimaldi. The defendants oppose the motion. For the following reasons, the plaintiff's motion is denied.

## I.    Standard of Review

The district court has broad discretion when determining whether leave to amend should be granted. *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). In general, leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may deny leave to amend, however, for "'undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

An amendment is considered futile if the proposed new claim fails to state a cognizable claim. *See, e.g., Anthes v. Nelson*, 763 F. App'x 57, 60 (2d Cir. 2019) ("[l]eave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim upon which relief can be granted") (quoting *Anderson News L.L.C. v, American Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (internal quotation marks omitted)).

## II.   Allegations

On March 13, 2020, Warden Caron placed Carl Robinson Correctional Institution ("Robinson") on modified lockdown in response to the COVID-19 pandemic.  ECF No. 48 ¶ 10. Visits were suspended, the dining hall was closed, inmates were fed in their units, and normal movement was restricted.  *Id.*

On April 1, 2020, the plaintiff witnessed a code being called.  *Id.* ¶ 11.  Inmates in units three and four refused to collect their food trays.  *Id.*  The plaintiff later learned that the inmates were refusing to eat to focus attention on unsanitary and hazardous housing conditions.  *Id.*  On April 3, 2020, officers Speech and Barnett approached the plaintiff during midday count and escorted him to the day room where he was placed in handcuffs and shackles and transferred to Northern Correctional Institution ("Northern").  *Id.* ¶ 12.  The transfer was recommended by Warden Caron and approved by Director Maiga.  *Id.*

At Northern, the plaintiff was held by two officers in a holding cell while a third officer

removed his clothing.  *Id.* ¶ 13.  He was placed on administrative detention pending an administrative segregation hearing.  *Id.* ¶ 14.  The plaintiff was given a copy of a disciplinary report on April 5, 2020.  *Id.* ¶ 15.  On April 7, 2020, disciplinary investigator Leone gave him an inmate interview form to complete.  *Id.* ¶ 16.  The plaintiff asked investigator Leone to preserve video footage.  *Id.*  On April 24, 2020, the plaintiff was given the opportunity to provide a second statement.  *Id.* ¶ 17.  He declined but requested that video footage be reviewed.  *Id.* When the plaintiff received a copy of the disciplinary investigation report, he noticed that his request to preserve video footage was not noted on the report.  *Id.* ¶ 18.

The plaintiff attended a disciplinary hearing on May 12, 2020.  *Id.* ¶ 19.  Hearing Officer Grimaldi told the plaintiff that his chosen advisor was not available, and that Intelligence Officer Cieboter was the replacement.  *Id.* ¶ 20.  Hearing Officer Grimaldi reviewed the facts and found the plaintiff guilty of the charge.  *Id.* ¶¶ 22, 28.  In the Disciplinary Process Summary Report, Hearing Officer Grimaldi stated that multiple sources of information indicated that the plaintiff took a leadership role in the hunger strike.  *Id.* ¶ 24.

The plaintiff alleges that no hunger strike occurred in his housing unit and contends that the sources of information were referencing an attempted work stoppage, not a hunger strike.  *Id.* ¶¶ 25-26.  The hearing officer stated that video could not be reviewed because no times were specified in the request.  *Id.* ¶ 27.  The plaintiff was not afforded an opportunity to confront, and discredit, the sources of information.  *Id.* ¶ 29.  As one sanction, the plaintiff lost sixty days of RREC.  *Id.* ¶ 31.

On May 18, 2020, the plaintiff had an administrative segregation hearing by videoconference with Hearing Officer Tugie.  *Id.* ¶ 33.  The plaintiff again requested video

footage to show that he did not approach inmate workers to orchestrate a work stoppage. *Id.* ¶ 34. The plaintiff did not prevail at the hearing and was placed in Administrative Segregation for threatening safety and security of the facility, staff, and inmates by attempting to orchestrate a work stoppage during a pandemic. *Id.* ¶¶ 36-37.

III.   <u>Analysis</u>

The defendants oppose the motion to amend on two grounds: the plaintiff has not complied with the requirements of Local Rule 7(f) and any amendment would be futile and cause undue prejudice. The Court considers the second ground.

The defendants argue that the plaintiff fails to allege any new facts that would alter the Court's prior dismissal of the claims against Maiga, Leone, Grimaldi, and Rodriguez. Thus, they contend that leave to amend would be futile.

The plaintiff's claims against Rodriguez, Leone, and Grimaldi relate to his disciplinary hearing. In the Complaint, the plaintiff listed his sanctions as sixty days loss of RREC, fifteen days in punitive segregation, and ninety days loss of commissary privileges. ECF No. 1 at 26. In the Amended Complaint, the plaintiff alleges only the loss of RREC. It appears, therefore, that the plaintiff has abandoned any due process challenge based on confinement in punitive segregation and loss of commissary privileges. In response to the Court's Order, ECF No. 8, the plaintiff filed a notice waiving any challenge to the loss of RREC in this case.[1]  ECF No. 9. Thus, as the plaintiff cannot pursue a due process claim based solely on the loss of RREC, leave

---

[1] The Second Circuit has held that where an inmate received a "mixed sanction" at a disciplinary hearing, *i.e.*, sanctions affecting both his conditions of confinement and the duration of his confinement, he cannot pursue a due process claim under section 1983 unless he foregoes, for all time, any challenges to the sanctions affecting the duration of his confinement. *See Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006).

4

to amend to add such a claim would be futile.

Further, even construing the claim to be the same claim asserted in the Complaint, a challenge based on the confinement in punitive segregation and loss of commissary privileges, leave to amend must be denied.  The Court dismissed this claim because the plaintiff failed to allege facts stating a cognizable due process claim relating to a disciplinary hearing.  *See* ECF No. 10 at 5-7.  The plaintiff has alleged no new facts that would alter the Court's decision.  Thus, amendment to re-assert the claim would be futile.  *See, e.g., Allen v. Kunkel*, No. 3:18-cv-297(JCH), 2018 WL 1605145, at *4 (D. Conn. Apr. 3, 2018) (dismissing claims from Amended Complaint where plaintiff included no new allegations to alter decision to dismiss claims in Complaint); *Figueroa v. New York*, 04-CV-2553(DRH)(MLO), 2006 WL 8441006, at *5 (E.D.N.Y. Feb. 28, 2006) (finding amendment would be futile where plaintiff's papers "merely mirror his Complaint and offer no new allegations in support of his claims").

The plaintiff's claim against Maiga relates to his Administrative Segregation placement. He alleges in the Amended Complaint, as he did in the Complaint, that Maiga approved his transfer to administrative detention at Northern Correctional Institution pending the Administrative Segregation hearing.  He does not allege that Maiga was involved in the hearing or the decision that he complete the Administrative Segregation program.  The Court dismissed the due process claim against Maiga for lack of personal involvement.  *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)) (internal quotation marks omitted). The plaintiff has alleged no new facts that would alter that determination.  Thus,

amendment to reassert the claim against Maiga would be futile.

The plaintiff's motion to amend [**ECF No. 48**] is **DENIED**.  The case will proceed on the claims against defendants Tugie and Mulligan.

**SO ORDERED** this 1st day of December 2021 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge

6